IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | |
|---|---|
| DANIEL J. HARSHBARGER AND<br>EDITH M. HARSHBARGER, Individually<br>and on Behalf of all Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 2:12-cv-06172-NIQA |

**JOINT RESPONSE OF PLAINTIFFS DANIEL AND
EDITH HARSHBARGER AND DEFENDANT THE PENN MUTUAL
LIFE INSURANCE COMPANY TO RULE TO SHOW CAUSE**

On February 6, 2015, the Court issued its Rule to Show Cause Order (ECF 41; "Rule to Show Cause"), directing the Parties to Show Cause by March 9, 2015 why this matter should not be dismissed for failure to prosecute. Plaintiffs Daniel J. Harshbarger and Edith M. Harshbarger ("Plaintiffs") and Defendant The Penn Mutual Life Insurance Company ("Penn Mutual;" collectively the "Parties"), hereby jointly respond to the Rule to Show Cause. The Parties request the Court refrain from dismissing this action and maintain the *status quo* continuing the stay pending resolution of Plaintiffs' formal complaint before the Pennsylvania Insurance Department (the "Department").

In this putative class action, Plaintiffs allege Penn Mutual failed to pay Plaintiffs and other policyholders (members of the putative Class) the full amount of annual policy dividends out of divisible surplus in excess of the maximum limit defined by 40 P.S. § 614 that are due to Plaintiffs and putative Class Members under their contracts with Penn Mutual. *See* ECF 01 (Complaint).

1

On April 11, 2014, the Court granted Penn Mutual's Motion to Dismiss (ECF 8) on primary jurisdiction grounds, abstaining and deferring to the Department. *See* ECF 33 (the "Memorandum Opinion"). The Court stayed this matter pending resolution of Plaintiffs' claims before the Department. ECF 34 (Order). On May 16, 2014, the Court denied Plaintiffs' Motion to Reconsider or for Section 1292(b) Certification of the Court's April 11, 2014 Order. ECF 38.

On June 3, 2014, Plaintiffs sent a letter to the Department providing a copy of the Memorandum Opinion and requesting the Department to "confirm[] Penn Mutual's obligation to adhere to the governing statutory accounting principles and related regulatory requirements in performing its annual Section 614 calculation." On June 10, 2014, the Department directed Plaintiff to file a formal petition with the Department's Administrative Hearing Office "setting forth the issues to be resolved" since the Court did not directly refer this matter to the Department. Believing their claims unsuited to the administrative process followed in connection with claims submitted to the Department by individual policyholders, on September 9, 2014, Plaintiffs sent a letter to Deputy Insurance Commissioner Stephen J. Johnson asking the Department to address the matter outside the Department's individual formal procedures. On September 16, 2015, Penn Mutual submitted to the Department its response opposing Plaintiffs' request. On September 18, 2014, the Department denied Plaintiffs' request.

In November 2014, the Parties agreed to a standstill with respect to Plaintiffs' claims to attempt to agree on the scope of issues to be presented to the Department (as the Department had requested in its earlier correspondence). On January 23, 2015, in response to an inquiry by the Court's Law Clerk, the Parties advised the Court that they were engaged in these discussions. On February 6, 2015, the Court issued its Rule to Show Cause. ECF 41. The Parties' discussions concluded on February 18, 2015.

Promptly thereafter, on February 20, 2015, Plaintiffs submitted to the Department a formal Insurance Complaint pursuant to the Department's procedures for formal complaints and petitions for declaratory orders codified at 1 Pa.Code §§ 35.9 and 35.19. The Department acknowledged receipt of the Complaint on February 26, 2015.

Therefore, Plaintiffs' Insurance Complaint is now pending before the Department consistent with the Court's orders. ECF 34 and 38. Both Parties have diligently worked to move this dispute forward in good faith and neither Party will suffer prejudice from a continued stay pending resolution of Plaintiffs' Insurance Complaint. Under these circumstances, the Parties respectfully assert dismissal for failure to prosecute is unwarranted.[1] Accordingly, the Parties jointly request the Court maintain the *status quo* continuing the stay, refrain from dismissing this matter for failure to prosecute, and permit Plaintiffs' Insurance Complaint to proceed before the Department.

| | |
|---|---|
| Dated: March 9, 2015 | Respectfully submitted, |
| Daniel J. Harshbarger and<br>Edith M. Harshbarger<br>By their attorneys, | The Penn Mutual Life Insurance Company<br>By its attorneys, |
| /s/Joseph N. Kravec, Jr.<br>Joseph N. Kravec, Jr. (PA ID. 68992)<br>(*pro hac vice*)<br>**FEINSTEIN DOYLE**<br>  **PAYNE & KRAVEC, LLC**<br>Allegheny Building, 17th Floor<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>(412) 281-8400 (Phone)<br>(412) 281-1007(Fax) | /s/John P. Lavelle via Email Consent<br>Jay H. Calvert, Jr. (PA ID. 04377)<br>John P. Lavelle, Jr (PA ID. 54279)<br>Joseph B. G. Fay (PA ID. 33480)<br>Marisa J. Tilghman (PA ID. 306716)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000 (Phone)<br>(215) 963-5001 (Fax) |

---

[1] If the Court wishes to receive authority addressing this point, Plaintiffs request the opportunity to submit a separate short memorandum of law.

Jason B. Adkins (*pro hac vice*)
John Peter Zavez
**ADKINS, KELSTON & ZAVEZ, P.C.**
90 Canal Street, 5th Floor
Boston, MA  02114
(617) 367-1040

Mark A. Chavez (*pro hac vice*)
**CHAVEZ & GERTLER LLP**
42 Miller Avenue
Mill Valley, CA  94941
(415) 381-5599

Andrew Friedman (*pro hac vice*)
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C**.
2325 East Camelback Road, Suite 300
Phoenix, AZ  85016
(602) 274-1100

# **CERTIFICATE OF SERVICE**

I hereby certify that, on March 9, 2015, a true and correct copy of the foregoing JOINT RESPONSE TO RULE TO SHOW CAUSE was served electronically via the Court's CM/ECF system on the following:

Jay H. Calvert, Jr., Esquire
John P. Lavelle, Jr.
Joseph B.G. Fay
Marisa J. Tilghman, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000

*__Attorneys for Defendant__*

/s/ Joseph N. Kravec, Jr.
Joseph N. Kravec, Jr.