IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. HARSHBARGER and EDITH M. HARSHBARGER, individually and on behalf of all persons similarly situated<br>　　　　　　*Plaintiffs*<br><br>　　　　v.<br><br>PENNSYLVANIA MUTUAL LIFE INSURANCE COMPANY<br>　　　　　　*Defendant* | : CIVIL ACTION<br>:<br>: NO. 12-6172<br>:<br>: CLASS ACTION<br>:<br>:<br>:<br>:<br>:<br>: |

## PRELIMINARY APPROVAL ORDER

**AND NOW**, this 12th day of May 2017, upon consideration of the unopposed *motion for preliminary approval of proposed class settlement agreement, preliminary certification of the settlement class and appointment of class counsel* filed by Plaintiffs Daniel J. Harshbarger and Edith M. Harshbarger ("Plaintiffs"), [ECF 48], the Stipulation of Settlement ("Settlement Agreement") between Plaintiffs and Defendant The Pennsylvania Mutual Life Insurance Company ("Penn Mutual"), [ECF 47],[1] and the supporting submissions, [ECF 49, 50], this Court finds that:

　　A.　　The requirements of Federal Rule of Civil Procedure ("Rule") 23(a) are met, namely:

　　　　i.　　The Settlement Class is so numerous that joinder of all members is impracticable;[2]

---

[1]　　All capitalized terms in this Order will have the same meaning as those defined in the Settlement Agreement. [ECF 47].

[2]　　The first requirement for class certification is that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). This Court finds that this prerequisite is satisfied here. The proposed settlement class includes the owners and beneficiaries of two types of Penn Mutual participating life insurance policies, *to wit*: (1) those policies that were terminated due to death, surrender, lapse, or maturity at any time between January 1, 2006, and December 31, 2015; and (2) those policies that remained in force as to December 31, 2015. The proposed class could easily number in the hundreds

    ii.       There are questions of law or fact common to the Settlement Class;[3]

    iii.      The individual claims of the named Plaintiffs are typical of the claims of the other members of the Settlement Class;[4]

    iv.      Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and have retained Class Counsel experienced in class action litigation who have and will continue to adequately represent the Settlement Class.[5]

---

of thousands, as Penn Mutual estimates that some 292,322 policies remained in force as of December 31, 2015. Thus, Plaintiffs easily satisfy the numerosity requirement.

[3] The second requirement of Rule 23(a) is that there be issues of law or fact common to the class as a whole. Fed. R. Civ. P. 23(a). "A putative class satisfies Rule 23(a)'s commonality requirement if 'the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). Here, the proposed class shares common questions of both fact and law. In their complaint, Plaintiffs allege that Penn Mutual breached its obligations to its par policyholders by retaining a surplus of capital in an amount exceeding the maximum retention limit permitted by 40 Pa. Stat. Ann. § 614 ("Section 614"). Plaintiffs have interpreted Section 614 to require all mutual life insurance companies incorporated under the laws of Pennsylvania to return any surplus in excess of its "safety fund," defined as $100,000.00, or ten percent of the company's policy reserve, whichever is greater, to its par policyholders. (*See* Compl. at ¶ 8-11). Certainly, there are questions of fact and law common to the class, including, *inter alia*, whether Penn Mutual violated Section 614 and/or breached its contractual obligations to its par policyholders by withholding surplus from those policyholders; whether Plaintiffs have properly interpreted Section 614; and what restitution, if any, is owed to the putative class members. Accordingly, Plaintiffs have satisfied the second requirement of Rule 23(a).

[4] The third requirement of Rule 23(a) demands that the claims of the representative parties be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Third Circuit has "set a low threshold for typicality." *In re NFL Players Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (internal quotations and citation omitted). "'Even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories' or where the claim arises from the same practice or course of conduct." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 311 (3d Cir. 1998) (quoting *Baby Neal*, 42 F.3d at 58). Here, Plaintiffs allege the same claims, and advance precisely the same interests, as all other putative class members. The representative parties and the putative class members share identical rights to divisible surplus calculated in accordance with their contracts with Penn Mutual and Pennsylvania law. For the purposes of preliminary certification, the typicality requirement is satisfied.

[5] The final Rule 23(a) requirement requires class representatives to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requires a determination of (1) whether the representatives' interests conflict with those of the class and (2) whether the class attorney is capable of representing the class." *Newtown v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 185 (3d Cir. 2001). Here, the interests of Plaintiffs, as participating Penn Mutual policyholders, are completely

2

B. Pursuant to Rule 23(b)(1)(A), this action is maintainable as a class action because the prosecution of separate actions by individual Settlement Class members would create a risk of inconsistent or varying adjudications with respect to the interpretation of the Pennsylvania statutes at issue in this litigation and the common language contained in Penn Mutual policies, that would establish incompatible standards of conduct for Penn Mutual.

C. Pursuant to Rule 23(b)(2), this action is maintainable as a class action because Penn Mutual has acted on grounds that apply generally to members of the Settlement Class, such that final declaratory or injunctive relief is appropriate respecting the proposed Settlement Class as a whole.

D. The Settlement Agreement appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

E. After consideration of factors described in Rule 23(g), the law firms of Adkins Kelston & Zavez, P.C., Bonnett Fairbourn Friedman & Balint, P.C., Chavez & Gertler LLP, and Feinstein Doyle Payne & Kravec, LLC (collectively, "Class Counsel"), will fairly and adequately represent the interests of the Settlement Class.

Therefore, it is hereby **ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), this Court certifies this action as a class action pursuant to Rule 23(b)(1)(A) and 23(b)(2), and, in accordance with Rule 23(c)(1)(B):

    (a) defines the Settlement Class as: (i) all persons who own or owned a Settlement Policy;[6] and (ii) all Beneficiaries of any Settlement Policy terminated by death on or before December 31, 2015, if such Beneficiaries notify or notified Penn Mutual of a death claim,

---

aligned with the interests of the putative class members. As for the capability of class counsel, this Court is satisfied that Settlement Class Counsel has significant experience litigating class actions and insurance litigation. There is no evidence that Settlement Class Counsel has not, and will not, continue to vigorously prosecute this action. Accordingly, for the purposes of preliminary certification, this Court finds that Rule 23(a)'s fourth requirement is satisfied.

[6] A "Settlement Policy" is defined as a participating life insurance policy issued by Penn Mutual as one of the insurance product types described in Appendix 1 of the Settlement Agreement and that was in force at any time during the period commencing January 1, 2006, and ending December 31, 2015.

3

or if Penn Mutual otherwise learns of said death, prior to the Implementation Date.

(b) defines the "Class Claims" as all of the claims raised in the Complaint in this action, including the issues raised thereby and the legal defenses that might be asserted in response thereto.

(c) defines "Settlement" as all of the terms of the Settlement Agreement and the documents incorporated therein, including the Class Notice Settlement Package;

(d) appoints Plaintiffs as the Class Representatives;

(e) appoints the law firms of Adkins Kelston & Zavez, P.C., Bonnett Fairbourn Friedman & Balint, P.C., Chavez & Gertler LLP, and Feinstein Doyle Payne & Kravec, LLC, as Class Counsel for the Settlement Class; and,

(f) approves Penn Mutual as the Settlement Class administrator, pursuant to the terms of the Settlement Agreement.

2. The Class Notice Settlement Package constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23(c)(2)(B) and due process. The Class Settlement Notice Package sufficiently describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Class Settlement Notice Package also states that the Settlement Agreement, if approved, will be binding on all Settlement Class Members. The Class Settlement Notice Package also summarizes the terms of the Settlement Agreement, the right of and manner for each Settlement Class Member to object to the Settlement Agreement,[7] the right of each Settlement Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Settlement Notice Package informs the Settlement Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's attorneys' fees and litigation expenses. *See* Fed. R. Civ. P. 23(h).

---

[7] The Class Settlement Notice Package need not assume any particular form, or provide opt-out protections for Settlement Class Members. *See Dukes*, 564 U.S. at 362 (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *see also Gates v. Rohm and Haas Co.*, 655 F.3d 255, 264 (3d Cir. 2011).

3. Penn Mutual is directed to mail the Class Settlement Notice Package to each Settlement Class Member by first-class mail, postage prepaid, to his or her last known address no later than **June 12, 2017**. Penn Mutual is directed to re-mail any Class Settlement Notice Package returned by the United States Postal Service and/or investigate the availability of a correct address for any Settlement Class Member whose notice is returned as undeliverable in accordance with Section VI, Paragraph C. of the Settlement Agreement.

4. Objections to any portion of the proposed Settlement Agreement, including objections to the certification of the Proposed Settlement Class, are to be filed with the Clerk of the Court and mailed to the entities listed in the Class Settlement Notice Package, via certified mail, return receipt requested, on or before **July 28, 2017**. Any objection filed must include the name and telephone number of the objector, the civil action number of the case, and a statement of the reason why the objector believes that the Court should find that Settlement is not in the best interests of the class. Objectors who have filed written objections to the Settlement may also appear at the final approval hearing and be heard on the fairness of the Settlement, subject to the requirements set forth in Paragraph 7 of this Order. For an objection to be effective, it must be postmarked on or before **July 28, 2017**.

5. On or before **August 25, 2017**, Penn Mutual shall file with this Court proof of compliance with the notice requirements of this Order and with the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b). In said filing, Penn Mutual shall also inform this Court the number of objections from the Settlement which were received from Settlement Class Members.

6. Penn Mutual's Counsel and Class Counsel are directed to promptly furnish each other with copies of any and all objections that might come into their possession.

7. A Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, must i) file a notice of intention to appear at the Fairness Hearing with the Clerk of Court and ii) mail a copy of said notice to Class Counsel and Penn Mutual's Counsel on or before **August 25, 2017**. If a Settlement Class Member hires an attorney to represent him or her, the attorney must (i) file a notice of appearance with the Clerk of Court and (ii) serve a copy of that notice of appearance on Class Counsel and Penn Mutual's Counsel on or before **August 25, 2017**.

8. All motions, briefs, memoranda, petitions, and affidavits in support of final approval of the Settlement Agreement, for an individual award to the Class Representatives and for an award of attorneys' fees and/or expenses shall be filed on or before **October 13, 2017**, and must comply with the requirements of Rule 23(h). Any response to said motion(s) shall be filed on or before **October 27, 2017.**

9. Class Counsel shall file any response to Settlement Class Member objections, together with any supporting papers, on or before **November 3, 2017.**

10. This Court will hold a final approval hearing pursuant to Fed. R. Civ. P. 23(e) on **November 14, 2017**, at 10 a.m., in Courtroom 8-B, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, for the following purposes:

    (a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by this Court;

    (b) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Settlement Agreement;

    (c) To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement award to the Class Representative; and

    (d) To rule upon other such matters as this Court may deem appropriate.

11. Pending the Fairness Hearing, and in aid of its jurisdiction over the claims asserted herein and its ability to resolve those claims, this Court hereby preliminarily bars and enjoins all members of the Settlement Class and/or their representatives from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as Settlement Class Members or otherwise based on or relating to the claims or causes of actions or the facts alleged in the Action or the Released Transactions, as those terms are defined in the Settlement Agreement.

12. Penn Mutual is hereby authorized to establish the means necessary to administer the Settlement pending final approval by this Court, in accordance with the terms of the Settlement Agreement.

13. This Court retains exclusive jurisdiction over this action to consider all further matters arising out of and in connection with the Settlement Agreement.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*