IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. HARSHBARGER AND EDITH M. HARSHBARGER, Individually and on Behalf of all Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE PENN MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 2:12-cv-06172-NIQA |

**DEFENDANT'S UNOPPOSED MOTION
FOR APPROVAL OF SUPPLEMENTAL CLASS NOTICE AND EXTENSION OF
OBJECTION DEADLINE FOR CERTAIN CLASS MEMBERS**

Defendant The Penn Mutual Life Insurance Company ("Penn Mutual"), through its undersigned counsel, hereby requests permission from the Court to distribute a supplemental class notice to a limited number of Settlement Class Members (hereinafter referred to as the "Affected Settlement Class Members"). In addition, Penn Mutual seeks approval for a short extension of the deadline for the Affected Settlement Class Members only to file objections to the proposed settlement in order to provide them with adequate time to serve and file any objections they may have. This Motion is unopposed. In support of its Motion, Defendant states:

1. On May 12, 2017, this Court entered the Preliminary Approval Order (the "Order") which, *inter alia*, directed Penn Mutual to mail the Class Settlement Notice Package to each Settlement Class Member by first-class mail, postage prepaid, to class members at their last known addresses no later than **June 12, 2017**. *See* Court's May 12,

1

2017 Order (Dkt. 52), ¶ 3. Consistent with the terms of the Settlement Agreement, Paragraph 3 of the Court's Order directed Penn Mutual to "re-mail any Class Settlement Notice Packages returned by the United States Postal Service and/or investigate the availability of a correct address for any Settlement Cass Member whose notice is returned as undeliverable…." *Id*.

2. The Order also required that any objections by Settlement Class Members to the proposed settlement be filed on or before **July 28, 2017**. *See id.*, ¶ 4.

3. Penn Mutual, after having complied with Paragraph 3 of the Order by mailing copies of the Class Settlement Notice Package to over 480,000 class members by June 12, 2017, discovered that, due to inadvertent technical errors in retrieving names and addresses of class members from Penn Mutual's electronic customer records, the Class Settlement Notice Package was not mailed to three categories of Settlement Class Members:

1) Policies with multiple account owners and entity owners – Due to a retrieval error, only the first listed individual policy owner was included in the mailing list created for the Class Settlement Notice Package. As a result, additional account owner(s) and some entity account owner(s) were not included in the mailing list and were not mailed the Class Settlement Notice Package by June 12, 2017. Penn Mutual has subsequently identified approximately 18,000 additional owners who must be provided the Class Settlement Notice Package;

2) Policies exchanged for other policies – When a policy is surrendered and exchanged for another policy, as part of the process to complete the exchange on a tax free basis pursuant to Section 1035 of the Internal Revenue Code, Penn

Mutual's electronic customer records are updated to reflect that the "owner" of the surrendered policy is the company that issues the replacement policy. The name and contact owner of the surrendered policy is moved to other fields in Penn Mutual's electronic customer records database. Unfortunately, this was not recognized when the mailing list for the Class Settlement Notice Package was created and mailed out on June 12. Penn Mutual has subsequently identified approximately 9,000 owners in this category who must be provided the Class Settlement Notice.

3) Expired Penn Mutual policies – When the mailing list for the Class Settlement Notice package was created and mailed out on June 12, owners of policies which had expired, were converted to other policies, or had matured were inadvertently excluded. Penn Mutual has subsequently identified approximately 16,000 owners in this category who must be provided the Class Settlement Notice.

4. To ensure full compliance with Paragraph 3 of the Order, it is necessary for Penn Mutual to mail Class Settlement Notice Packages to the above-referenced Affected Settlement Class Members.

5. Accordingly, Penn Mutual respectfully requests the Court's approval to reissue Class Settlement Notice Packages identical to those previously sent to each Settlement Class Member but supplemented with an insert explaining the foregoing and setting a new deadline for objections by Affected Settlement Class Members, which is set forth below. *See* Proposed Supplemental Insert for Class Settlement Notice Packages, attached hereto as Exhibit A.

6. If permission is granted by the Court to re-mail the Class Settlement Notice Packages with Supplemental Inserts to the Affected Settlement Class Members, Penn Mutual anticipates being able to finalize the current names and addresses of those Affected Settlement Class Members and begin mailing the revised packages the day following entry of the Court's Order, and completing the process within five business days.

7. In order to allow adequate time for the Affected Settlement Class Members to file objections to the proposed Settlement Agreement, Penn Mutual requests the Court amend the current deadline for objections to the proposed settlement of July 28, 2017 for the Affected Settlement Class Members only to thirty days after the deadline to complete the mailing.

8. A brief extension of the deadline for the Affected Settlement Class Members to file objections to the proposed settlement will not affect any of the other deadlines set by the Court's May 12 Order.

9. Counsel for Penn Mutual has conferred with Plaintiffs' Counsel concerning the issues that are the subject matter of this Motion and the proposed relief requested. Plaintiffs' Counsel does not oppose the Motion and consents to the relief requested.

10. Because of the straightforward and unopposed nature of this Motion, Defendant submits that no Memorandum of Law should be required.

WHEREFORE, Defendant respectfully requests that its Motion be granted, and that the proposed form of order be entered permitting Penn Mutual to reissue a limited number of Class Settlement Notice Packages and amending the deadlines set by the Court in its Preliminary Approval Order.

                                                  Respectfully submitted,

Dated: June 30, 2017                      The Penn Mutual Life Insurance Company
                                                  By its attorneys

                                                  By: */s/John P. Lavelle, Jr.*
                                                  Jay H. Calvert, Jr. (PA ID 04377)
                                                  jay.calvert@morganlewis.com
                                                  John P. Lavelle, Jr. (PA ID 54279)
                                                  john.lavelle@morganlewis.com
                                                  Joseph B. G. Fay (PA ID 33480)
                                                  joseph.fay@morganlewis.com
                                                  David L. Harbaugh (PA ID 32525)
                                                  david.harbaugh@morganlewis.com
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  1701 Market Street
                                                  Philadelphia, PA 19103
                                                  (215) 963-5000 (Phone)
                                                  (215) 963-5001 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017, a true and correct copy of the foregoing Motion was filed and served electronically via the Court's CM/ECF system.

*/s/John P. Lavelle, Jr.*
John P. Lavelle, Jr.