June 25, 2017

To: United States District Court for the Eastern District of Pennsylvania

United States Courthouse

601 Market Street, Courtroom 8-B

Philadelphia, PA, 19106

From: Cecily Denise Cornish

P.O. Box 1643

Kennesaw, Georgia 30156

Re: **Harshbarger Action/** Objection to   parts of the Settlement

Policy # 8520315

Dear US District Court

My first objection, is that Penn Mutual Counsel confers with Class Counsel the accuracy of my correct legal name before the approval by the Court. My legal name is *Cecily Denise Cornish* and has never been Cecily Roberts (i.e. see letter dated July 12, 2017 from Chief Legal Officer for Penn Mutual). Cecily Denis Cornish was my name on my in force policy between January 1, 2006 through December 31,2015.   I also verified this with a Penn Mutual representative Hillary on June 21, 2017 of my correct name on the policy Cecily D Cornish and my primary beneficiary, Rosita M. Cornish. However, I have mailed Chief Legal Counsel Kevin Reynolds (i.e. per certified mail) the above information. If I am going to be treated fairly in this settlement, if approved, the first step is to ensure that my name is correct.

My second objection is that why should Penn Mutual pay terminal Dividends be conditioned on Penn Mutual having risk based capital ('RBC") levels of no less than 500% of its "authorized control level" RBC amount("RBC Threshold Amount")? Where is a contingency plan for Court or legal accountability to ensure that if the settlement is approved, that the deferred "Terminal Dividends" should be resume? In addition, Penn Mutual is in control of the "authorized control levels", like they were in control of the 'divisible surplus" under Section 510(f) which were never distributed to their policy holders as policy dividends. Therefore, my rationale if they did not properly distribute the surplus dividends to its policy holders, what is to ensure that they will distribute them once they determine (i.e. no accountability) the authorized control level is met?

The proposed settlement is clear that  the four Class attorneys  and their firms are looking to profit over 10,715,000, and their payment is not dependent on any condition?

Why not make the attorney's fees, expenses and awards, contingent on  the  Terminal Dividends be conditioned on Penn Mutual having the risk based capital (RBC) levels of no less than 500% of its "authorized control level" RBC amount ("RBC Threshold Amount"). Therefore, defer the attorneys' and their firms  fees, expenses, and awards, until they have actually delivered what they sat out to do , and that is to compensate the policy holders who did not partake in the ""divisible surplus" under Section 510(f) which says it must be distributed the policy dividends to its policy holders.

Finally, it is clear the attorneys' firms are expected to profit over **$10,715,000** million if this proposed settlement is approved by the court. However, I am clear on one thing and that is, according to page 3, I am part  of the in "Force Policy"  and therefore I am expected to receive  **$25** dollar from the Terminal Dividend if the condition(s) as stipulated on page 3 and 4 are met.  However, please explain to me the breakdown in plain monetary terms how much (according to my policy, #852013), the Second In Force Allocation. Please in monetary terms explain the Terminal Dividends  will be pro rata  which means each eligible in Force Policy's share under the Second In Force Allocation will **equal (=)**  _____  the Remaining In Force Amount **times (x)** the Cash Surrender Value of the In Force Policy divided by the Aggregate Cash Surrender Value of all eligible Terminated Policies? Therefore, this proposed settlement should not be approved and both Counsels need to go back to the negotiation table.

Sincere Regards,

Cecily D. Cornish

Policy In Force from about 17 years

Policy #852013

2/4



# Cornerstone VUL II

Transaction Confirmation for Policy #8520315

Report Date: 06/08/2017
Policy Date: 07/17/1997 | Policy Maturity Date: 07/17/2050

## For additional information or questions, contact:

000019 

CECILY D CORNISH
PO BOX 1643
KENNESAW GA 30156-8643

Penn Mutual Life Insurance Company
Attention: Client Services
600 Dresher Road
Horsham, PA 19044

1-800-523-0650 | www.pennmutual.com

verified 6-21-2017 by Hillary

**Insured:** CECILY D CORNISH
**Primary Beneficiary:** ROSITA M CORNISH

Broker Dealer: LPL FINANCIAL CORP

verified 6-21-2017 by Hillary

3/4

The Penn Mutual Life Insurance Company
600 Dresher Road
Horsham, PA 19044

June 12, 2017

PNN0211113808                                              Life Insurance Policy #: 9520315

CEGILY ROBERTS    *Cecily Cornish 2006-2015*
PO BOX 1643
KENNESAW, GA 30156-8643

Re:    Notice of Proposed Class Action Settlement

Dear Policyholder,

Our records indicate that you are the owner of the participating life insurance policy listed above issued by Penn Mutual that was in force at some time from January 1, 2006 through December 31, 2015; or are the owner or beneficiary (for a policy if terminated due to death) of a policy that was terminated due to death, surrender, lapse or maturity from January 1, 2006 through December 31, 2015. Therefore, according to our records, you are a member of the Settlement Class in *Harshbarger, et al. v. The Penn Mutual Life Insurance Co.*, Case No. 12-cv-06172-NIQA ("the *Harshbarger* Action"), which is currently pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"). At the direction of the Court, the Plaintiffs in the *Harshbarger* Action also brought an administrative proceeding before the Pennsylvania Insurance Department (the "Department") raising the same matters.

Penn Mutual has worked with the Plaintiffs in the *Harshbarger* Action to resolve these matters in a way that benefits you and other Penn Mutual policyholders. Specifically, the Parties have arrived at a proposed settlement whereby owners or beneficiaries of in force participating policies as of December 31, 2015, as well as owners or beneficiaries of policies that were terminated from January 1, 2006 through December 31, 2015, will receive either a terminal dividend or a cash payment. These payments to the Settlement Class will total approximately $110 million.

The terms of the proposed settlement have been approved by the Department.  However, the proposed settlement is not final until also approved by the Court in the *Harshbarger* Action.

The enclosed Notice of Proposed Class Action Settlement (the "Notice") describes your rights in connection with the settlement approval process in the *Harshbarger* Action. The Notice describes the procedure you must follow should you wish to object to any aspect of the proposed settlement. Please carefully review these materials.

Penn Mutual does not expect the proposed settlement to affect in any way its ability to pay claims and honor its commitments to policyholders, nor will it adversely affect the amount of dividends that might be paid in the future.    *could not* *by even*

As explained in the enclosed Notice, you may request copies of documents relating to the proposed settlement, as well as other documents filed in the *Harshbarger* Action, for free by emailing your request to harshbargersettlement@pennmutual. com. Should you have any questions, please call 1-877-765-8777. Plaintiffs' counsel in the *Harshbarger* Action can be reached directly by email at akz@akzlaw.com. We're here to help.    *or  1-800-233-3138*

Sincerely,    *market mail Certifica to Kevin Reynolds  6/20/17*
Kevin Reynolds
Chief Legal Officer    *- name current*
The Penn Mutual Life Insurance Company
  *- copy of Current*

*678-523-5602*    *4/4*