UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
UNITED STATES COURTHOUSE
601 MARKET STREET, COURTROOM 8-B
PHILADELPHIA, PA 19106

12-6172

# OBJECTION

Dear Sir or Madame:

I have been notified that I am a member of a class of individuals named in the <u>Harshbarger, et al. v. The Penn Mutual Life Insurance Co</u>., Case No. 2:12-cv-06172-NIQA. I have been advised by mail that I can write to the Court about why I do not think all or any part of the Settlement, should be approved. My reasons are below.

I object to the proposed settlement because for those policies that were terminated due to death, which is the category of claimant that I am, Penn Mutual will pay a total of 13 million to the beneficiaries of those policies in an amount allocated as follows:

- First, each terminated policy will be allocated a terminal dividend of $25.00. The aggregate cost of these dividends ($4,347,075) will be deducted from the 13 million fund and the remainder of that fund ("Remaining Terminated Amount"), which is $8,652,925, will then be allocated to each terminated policy that had a cash surrender value at termination ("Second Terminated Allocation").
- The second terminated allocation will be pro rata, which means each eligible terminated policy's share under the second terminated allocation will equal the remaining terminated amount times the cash surrender value of the terminated policy **divided by the aggregate cash surrender value of all the eligible terminated policies.**
- Next, Penn Mutual's obligation to pay the terminal dividends is conditioned on Penn Mutual having risk based capital levels of no less than 500% of its "authorized control level" RBD amount. If this condition is not met, the company will suspend and defer the payment of terminal dividends until such time as its RBC next exceeds the RBC Threshold Amount. Payment of deferred terminal dividends will thereafter resume when, and will continue for so long as, Penn Mutual's RBC exceeds the RBC Threshold Amount.

I object to the proposed formula and believe that Penn Mutual should **pay outright** and to the dollar what is owed every individual in cash value and dividends based upon their individual policy's specified value.

I should be paid the total in cash value and dividends to which I am entitled as my father's beneficiary, the policyholder, because my dad paid monthly premiums for **43 years** with the expectation that upon his death I would receive the face amount of the policy along with the remaining cash value and dividends.

**Any denominator other than "1", for each individual beneficiary based on the aggregate cash value and dividends accumulated over the life of the policy, will result in only partial satisfaction of the entitlement under the terms of the contract for life insurance and would unjustly enrich the insurance**

company and be fundamentally unfair to both me as the beneficiary, as well as the deceased policyholder, who paid his hard earned money on premiums under the belief that I would receive the benefit of his financial investment and not the insurance company, members of a class action and their attorneys.

Sincerely,

*Risie R Howard*

Risie R. Howard
1316 West Second Avenue
Pine Bluff, AR 71601-3905

July 26, 2017

cc:
Jason B. Adkins
John Peter Zavez
Adkins, Kelston & Zavecz, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114

Joseph N. Kravec, Jr.
Feinstein Doyle Payne & Kravec, LLC
Law & Finance Building, 13th Fl.
429 Fourth Avenue
Pittsburgh, PA 15219

Mark A. Chavez
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941

Andrew S. Friedman
Francis J. Balint, Jr.
Bonnett, Fairbourne, Friedman & Balint, P.C.
2325 East Camelback Road, Suite 300
Phoeniz, AZ 85016

Jay H. Calvert, Jr.
John P. Lavelle, Jr.
Joseph B. Fay
David Harbaugh\Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA

**Where independence begins**

**Penn Mutual increases your independence
Benefits beginning December 31, 1982**

GEORGE HOWARD JR ESQ
1316 W SECOND AVE
PINE BLUFF AR 71601



OWNER: GEORGE HOWARD JR ESQ

INSURED: GEORGE HOWARD JR ESQ

POLICY NUMBER: 5 052 423
POLICY DATE: NOVEMBER 12, 1964
PLAN: WHOLE LIFE

UPON PAYMENT OF ANY PREMIUMS DUE ON OR BEFORE DECEMBER 31, 1982:

- YOUR LIFE INSURANCE COVERAGE WILL BE INCREASED AS FOLLOWS:

|  | PRESENT | AMENDED AS OF DEC 31, 1982 |
|---|---|---|
| THE BASIC POLICY SUM INSURED | 5,000 | 5,960 |

- ALL POLICY BENEFITS PROVIDED BY SUPPLEMENTAL AGREEMENTS WILL REMAIN UNCHANGED.
- YOUR SCHEDULE OF PREMIUMS WILL REMAIN UNCHANGED.
- YOUR GUARANTEED CASH VALUE ON THE 1983 POLICY ANNIVERSARY WILL BE THE SAME OR SLIGHTLY GREATER. FUTURE GUARANTEED CASH VALUES WILL DIFFER AND ARE ILLUSTRATED BELOW.
- YOUR DIVIDEND TO BE CREDITED ON THE 1983 POLICY ANNIVERSARY WILL REMAIN UNCHANGED. FUTURE DIVIDENDS* WILL DIFFER AND ARE ILLUSTRATED BELOW.

THE FOLLOWING ILLUSTRATION ASSUMES THAT PREMIUMS WILL BE PAID AS SCHEDULED, AND THAT YOU WILL CONTINUE TO HAVE YOUR DIVIDENDS ACCUMULATE AT INTEREST. ALL VALUES ARE SHOWN USING ONLY WHOLE DOLLARS.

| AS OF NOV 12 | TOTAL INSURANCE | | GUARANTEED CASH VALUE FOR COVERAGE OF | | FUTURE DIVIDENDS * | | TOTAL CASH VALUE INCLUDING FUTURE DIVIDENDS = | |
|---|---|---|---|---|---|---|---|---|
|  | PRESENT | AMENDED | 5,000 PRESENT | 5,960 AMENDED | PRESENT | AMENDED | PRESENT | AMENDED |
| 1983 | 5,000 | 5,960 | 1,930 | 1,932 | 92 | 92 | 2,115 | 2,117 |
| 1984 | 5,000 | 5,960 | 2,035 | 2,051 | 96 | 76 | 2,330 | 2,326 |
| 1985 | 5,000 | 5,960 | 2,135 | 2,164 | 100 | 79 | 2,551 | 2,538 |
| 1986 | 5,000 | 5,960 | 2,240 | 2,283 | 104 | 82 | 2,790 | 2,766 |
| 1987 | 5,000 | 5,960 | 2,340 | 2,396 | 107 | 84 | 3,036 | 2,998 |
| 1993 | 5,000 | 5,960 | 2,910 | 3,082 | 122 | 92 | 4,794 | 4,632 |
| 2003 | 5,000 | 5,960 | 3,705 | 4,101 | 140 | 100 | 9,277 | 8,520 |
| @65 |  |  | 2,535 | 2,629 | 112 | 87 | 3,564 | 3,499 |

* THE ILLUSTRATED DIVIDENDS ARE ON THE 1983 DIVIDEND SCALE AND ARE NOT GUARANTEED. TOTAL CASH VALUE INCLUDES THE VALUE OF ANY DIVIDENDS LEFT WITH PENN MUTUAL.

IF YOU HAVE ANY QUESTIONS ABOUT THIS OFFER, CALL PENN MUTUAL (TOLL FREE) AT 800-523-0650.



## Policy Specifications

INSURED  GEORGE HOWARD JR ESQ  
POLICY NUMBER  5 027 994  
PLAN  WHOLE LIFE  

$5,960 SUM INSURED  
JULY 11, 1964 POLICY DATE  
DECEMBER 31, 1982 AMENDMENT DATE  

THE FOLLOWING INCREASE IN AMOUNT WILL BE EFFECTIVE AS OF THE AMENDMENT DATE:

|  | PREVIOUS | AMENDED |
|---|---|---|
| BASIC POLICY SUM INSURED | $5,000 | $5,960 |

### TABLE OF VALUES

THE FOLLOWING TABLE SHOWS VALUES FOR THE AMENDED BASIC POLICY SUM INSURED SHOWN ABOVE.

| END OF POLICY YEAR | ATTAINED AGE OF INSURED | TABULAR CASH OR LOAN VALUE | EXTENDED TERM INSURANCE | | PAID-UP LIFE INSURANCE |
|---|---|---|---|---|---|
| | | | YEARS | DAYS | |
| 19 | 59 | $1,932.00 | 12 | 331 | $3,761 |
| 20 | 60 | 2,051.00 | 12 | 288 | 3,886 |
| 21 | 61 | 2,164.00 | 12 | 224 | 3,994 |
| 22 | 62 | 2,283.00 | 12 | 167 | 4,107 |
| 23 | 63 | 2,396.00 | 12 | 92 | 4,208 |
| 24 | 64 | 2,516.00 | 12 | 28 | 4,310 |
| 25 | 65 | 2,629.00 | 11 | 312 | 4,399 |
| 26 | 66 | 2,748.00 | 11 | 243 | 4,494 |
| 27 | 67 | 2,861.00 | 11 | 158 | 4,578 |
| 28 | 68 | 2,975.00 | 11 | 73 | 4,655 |
| 29 | 69 | 3,082.00 | 10 | 339 | 4,727 |
| 30 | 70 | 3,189.00 | 10 | 246 | 4,792 |
| 31 | 71 | 3,296.00 | 10 | 152 | 4,858 |
| 32 | 72 | 3,404.00 | 10 | 57 | 4,929 |
| 33 | 73 | 3,505.00 | 9 | 319 | 4,983 |
| 34 | 74 | 3,606.00 | 9 | 219 | 5,043 |
| 35 | 75 | 3,708.00 | 9 | 118 | 5,096 |
| 36 | 76 | 3,809.00 | 9 | 11 | 5,150 |
| 37 | 77 | 3,910.00 | 8 | 282 | 5,204 |
| 38 | 78 | 4,006.00 | 8 | 181 | 5,245 |

NONFORFEITURE FACTOR PER $1000 SUM INSURED  
FIRST 10 YEARS  $19.407  THEREAFTER  $17.242

TABULAR CASH VALUE EQUALS FULL NET LEVEL PREMIUM RESERVE AT THE END OF 10 YEARS AND THEREAFTER.

---

*Handwritten annotations:*

6/4/92 — $181.83  
3/1/93 — 179.34  
6/3/93 — 178.00  
6/2/94 — 125.72  

9-2-84 — 176.46  049  
$2,018.10 pm