IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. HARSHBARGER and EDITH M. HARSHBARGER, individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE PENN MUTUAL LIFE INSURANCE COMPANY <br><br> Defendant. | Case No. 12-6172 <br><br> CLASS ACTION <br><br> FILED <br> AUG 1 4 2017 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

**OBJECTION OF JEFF M. BROW TO PROPOSED SETTLEMENT
& NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING**

NOW COMES, Pro Se Objector JEFF M. BROWN and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief Jeff M. Brown ("Objector") was sent and has and reviewed that certain notice of class action and proposed settlement which is dated June 12, 2017 (the "Notice"). As a result, he believes that he is a member of the class, as it is defined in that Notice. He intends to file a claim in this matter if filing a claim is necessary. From the Objector's review of the Notice, however, there appears to be no claim procedure outlined in the Notice. According to the

Notice the life insurance policy number is 5152507. The number listed above the bar code in the Notice is PNN02097560002. Objector's address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for November 14, 2017 at 10:00 a.m. EST before Honorable Nitza I. Quinones Alejandro, at the United States District Court for the Eastern District of Pennsylvania, in Courtroom 8-B, 601 Market Street, Philadelphia, PA 19106.

### REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. **Opportunity to Respond to Fee Motion.**

Objector hereby states that the District Court violated Rule 23(h) by scheduling the attorneys' fees and costs deadline subsequent to the objection deadline. By doing so this Court did not provide Class Members with an opportunity to respond to Class Counsel's fees because the deadline for objection occurs prior to the date Class Counsel is required to makes its motion for attorney fees and costs.

Rule 23(h) states, in relevant part: (1) A claim for an award must be made by motion under Rule 54(d) (2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner. Objector hereby contends that the District Court violated the Rule because it did not provide class members with an opportunity to object to the motion for attorney fees and costs. This is because the Notice sent to class members provided that all objections must be sent by July 28, 2017 ("For an objection to be effective, it must be postmarked on or before **July 28, 2017."** See Court's Preliminary Approval Order at page 5). (The objection deadline subsequently extended to August 11, 2017 by Court Order dated July 5, 2017, at docket # 57). This is so notwithstanding that the deadline for motions for attorney's fees and costs is on or before October 13, 2017. ("All motions, briefs, memoranda, petitions, and affidavits in support of final approval of the Settlement Agreement, for an individual award to the Class Representatives and for an award of attorneys' fees and/or expenses shall be filed on or before **October 13, 2017,** and must comply with the requirements of Rule 23(h)." See Court's Order Preliminarily Approval Order at page 6).

In this regard several Federal Circuit Courts have held that this practice

violates Rule 23(h). *In re Mercury Interactive Corp. Securities Litigation*, the Ninth Circuit held that "the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion." 618 F.3d 988, 993 (9th Cir. 2010). In that case the Ninth Circuit held that "[t]he plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed." *Id.* at 993-94. As a result, the Ninth Circuit reasoned the objectors "could make only generalized arguments about the size of the total fee because they were only provided with generalized information" in the Notice. *Id.* at 994. This thwarted the Class Members from having any real or "adequate opportunity to review and prepare objections". *Id.* at 994-95.

Likewise, our Third Circuit has adopted the *Mercury* holding. See *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016) In the *NFL* litigation our Circuit Court espoused having " little trouble agreeing that Rule 23(h) is violated in those circumstances [present in Mercury]"

In addition, the Seventh Circuit reached the same conclusion in *Redman. v. RadioShack Corp*. See 768 F.3d at 637-38 ("Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired. That violated [Rule 23(h)].").

2. **Claims Administration Process Fails to Require Reliable Future Oversight.**

The claims administrative has no express accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

3. **No Withholding of Attorney Fees.**

No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would elevate any concerns raised herein regarding the Settlement Administration.

4. **Attorney fees do not depend upon how much relief is actually paid.**

Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

**5. The fee calculation is unfair.**

The fee calculation is unfair in that the percentage of the settlement amount is far too high. After a review of the Docket there appears to be only 58 Docket Entries. In addition, very few entries were substantive in nature. The remaining Docket Entries were procedural in nature. Even so, 58 Docket Entries in a case that Class Counsel is asking for $10,000,000.00 in attorney fees and $700,000.00 in costs is a breathtaking $184,482.00 PER DOCKET ENTRY! Further regarding the Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others Docket Entries were in regard to a *pro hoc vice* requests or changes in counsel; dozens of entries were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally there were many Docket Entries from the Court or the Clerk's Office regarding procedural items. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees and Expenses in the amount of $10,700,000.00.

**6. No attorney Fee Records.**

No attorney billing records have been provided by Class Counsel. No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost

incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

### 7. Cy Pres.

Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be determined solely by the Class Representative with court approval is neither appropriate nor consistent with Class Action Policy.

### 8. Adoption of Other's Objections.

The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

*/s/ Jeff M Brown pss Pro Se*
Jeff M. Brown, Pro Se
750 South Dixie Highway
Boca Raton, FL 33432
561-395-0000
jbrown@lavallebrown.com

## CERTIFICATE OF SERVICE

I the undersigned hereby certify that on August 10, 2017, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Eastern District of Pennsylvania by sending this document via U.S. First Class Mail so that this document would be delivered within the timeframe described in the Notice and as amended by Court Order. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed.

Patrick Sweeney