Tab 4

# Exhibit A



Kevin T. Reynolds
Senior Vice President
Chief Legal Officer

VIA OVERNIGHT DELIVERY

June 28, 2017

Anna M. Coulter
10070 Wyecliff Drive
Highlands Ranch, CO 80126

Re: Policy No. 5082243

Dear Ms. Coulter:

Your letter to Penn Mutual's Board of Trustees, addressed to Eileen McDonnell, has been referred to me for reply.

Let me begin by thanking you for being a Penn Mutual policyholder for almost sixty years. Thank you also for raising your concerns to our Board. We value the feedback of our policyholders, who are the owners of our Company. We always seek to manage the Company in the best interest of our policyholders. This includes abiding by the laws that govern us in every state where we do business.

Regarding the Harshbarger lawsuit, the suit alleges violations of various Pennsylvania insurance laws. However, these are merely allegations, which we have denied in our papers filed with the court and the Pennsylvania Insurance Department. There has never been a finding of any violation of law in this lawsuit by either the Court or the Pennsylvania Insurance Department.

We are pursuing a proposed settlement of this action in order to avoid spending any more policyholder assets defending this lawsuit. As the Notice you've received states:
> "Penn Mutual has entered into this Settlement without admitting that any of Plaintiffs' allegations have any basis in law or in fact, and without admitting any fault, liability, or culpability."

If the Court approves the settlement, it will consist primarily of a payment to our policyholders, not to the class action lawyers, whose fees also require the Court's approval. We believe this will serve our policyholders' best interest. Under the proposed settlement, each policy will receive a payment based upon the cash value of the policy as of December 31, 2015. Based on your letter, it appears that under the proposed settlement formula, our records indicate that your policy will receive a payment of $62.27.

The Penn Mutual Life Insurance Company ■ 600 Dresher Road, Horsham, PA 19044
PH: (215) 956-8989 ■ Fax: (215) 956-8347 ■ Reynolds.Kevin@pennmutual.com

Anna M. Coulter
June 28, 2017
Page Two


Penn Mutual's Board of Trustees and our associates take pride in our 170-year history of serving the best interests of our policyholders. We believe this settlement will help accomplish this goal.

I hope this satisfies your concerns. If you have any questions, or if I can provide any additional information, I hope you will contact me at the phone number or address on this letter. Thank you again for raising your important concerns.

Very truly yours,

Kevin T. Reynolds


Cc: Eileen McDonnell

# Exhibit B

# Morgan Lewis

**John P. Lavelle, Jr.**
Partner
+1.215.963.4824
john.lavelle@morganlewis.com


July 13, 2017


Richard E. Kistler
William H. Kistler and Lillian N. Kistler Family Trust
209 East Maple Avenue
El Segundo, CA  90245

Re: Daniel J. Harshbarger and Edith M. Harshbarger, Individually and on Behalf of All Persons Similarly Situated v. The Penn Mutual Life Insurance Company
Civil Action No. 2:12-cv-06172-NIQA

Dear Mr. Kistler:

We represent The Penn Mutual Life Insurance Company in the above-referenced matter. I write in response to the letter you submitted to the Court with respect to the proposed class action settlement in the above-referenced matter, a copy of which we received on June 28, 2017.

In response to your letter, Penn Mutual has researched the history of the policy issued on the life of your father, William Howard Kistler. The following is a summary of the information in Penn Mutual's records, copies of which are enclosed for your information and reference:

- Penn Mutual issued life insurance policy number 2130445 effective 11-4-1937 on the life of William Howard Kistler in the amount of $1,000 with double indemnity. The original beneficiaries on the policy were William B. and Katherine A. Kistler.

- The beneficiary designation was updated on 12-18-1964 to "Lillian N. Kistler, wife of the insured, if she survives the insured, otherwise in equal shares to such of the children of the insured who survive the insured."

- On 11-12-1971, the policy was changed to a paid up insurance policy in the amount of $1,000.00 with double indemnity benefit and the dividend application changed to "accumulate at interest and to be applied automatically to mature, or to accelerate maturity of, the policy as an endowment as provided in the policy."

- A claim based on the death of the insured was initiated by telephone on 7-19-2006.
**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States

☎ +1.215.963.5000
📠 +1.215.963.5001

Richard E. Kistler
July 13, 2017
Page 2

- Several letters were sent to Richard E. Kistler at 209 E. Maple Ave, El Segundo, CA 90245-2331 requesting documentation in order to complete processing of the claim. Such letters were sent on:

    o   7-24-2006;

    o   8-14-2006;

    o   9-12-2006;

    o   10-12-2006;

    o   11-13-2006; and

    o   5-14-2007

    Penn Mutual has no record of any response to these letters. The letter dated 11-13-2006 stated that if no response was provided, Penn Mutual would consider the funds to be abandoned and escheat them according to state law.

- The total payment due under the policy in the amount of $2,899.72 was escheated by Penn Mutual to the State of California on 7-27-2007.

Based on a search we have performed, we believe that the State of California is currently holding the $2,899.72 escheat payment by Penn Mutual to California as unclaimed property. We were able to find on the Unclaimed Property website maintained by the California Controller's Office a record of unclaimed property in the amount of $2,899.72 reported by Penn Mutual for the Estate of William Kistler. This record may be found by performing a search on the website (sco.ca.gov/upd_msg.html), or at the following specific address found in our search: https://ucpi.sco.ca.gov/ucp/PropertyDetails.aspx?propertyRecID=22456223. Information on how to submit an unclaimed property claim to the State of California is available on the Controller's Office website.

Finally, for your information, if the proposed settlement is approved by the Court, the anticipated terminal dividend which will be paid on the policy will be $35.97.

I hope that this history and the enclosed information will satisfy any questions you have regarding Penn Mutual's handling of your claim and may help you to recover from the State of California the

DB1/ 92843845.2

escheated payment by Penn Mutual with respect to the policy on your father. If you have any questions, please do not hesitate to contact me.

Sincerely,

John P. Lavelle, Jr.

JPL/dmn
Enclosures

c: Kevin Reynolds, Esquire (w/o enclosures, via e-mail)
   Jason B. Adkins, Esquire (w/o enclosures, via e-mail)
   John Peter Zavec, Esquire (w/o enclosures, via e-mail)
   Andrew S. Friedman, Esquire (w/o enclosures, via e-mail)
   Francis J. Balint, Jr., Esquire (w/o enclosures, via e-mail)
   Mark A. Chavez, Esquire (w/o enclosures, via e-mail)
   Joseph N. Kravec, Jr., Esquire (w/o enclosures, via e-mail)

# Exhibit C

# Morgan Lewis

**John P. Lavelle, Jr.**
Partner
+1.215.963.4824
john.lavelle@morganlewis.com

July 25, 2017

**U.S. MAIL**

Michael Grecco
3 Auditorium Drive
Atlantic Highlands, NJ 07716-1539

Re: Daniel J. Harshbarger and Edith M. Harshbarger, Individually and on Behalf of All Persons Similarly Situated v. The Penn Mutual Life Insurance Company
Civil Action No. 2:12-cv-06172-NIQA

Dear Mr. Grecco:

We represent Defendant The Penn Mutual Life Insurance Company in the above-referenced matter, in which you recently received a supplemental notice of proposed class action settlement.

We have received your filing with the Court of July 19, 2017 stating that "due to a technical error I was not included in the settlement. Please include me."

I write to confirm to you that you are included in the proposed settlement. According to Penn Mutual's records, you and Sandra Grecco are each scheduled to receive settlement benefits in the form of terminal dividends with respect to Penn Mutual Policy No. 6127434. These terminal dividends will be paid to you and Sandra in accordance with the description in the notice you have received if the settlement is ultimately approved by the Court.

Please feel free to contact me directly if you have any further questions.

Sincerely,

*John P. Lavelle*

John P. Lavelle, Jr.

JPL/dmn

c: Kevin Reynolds, Esquire
   Jason B. Adkins, Esquire
   Andrew S. Friedman, Esquire

Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA 19103-2921    T +1.215.963.5000
United States    F +1.215.963.5001

DB1/ 92953757.2