Risie Howard
1316 West Second Avenue
Pine Bluff, AR 71601
870-534-1780

November 13, 2017

Hon. Judge Nitza Quinones-Alejandro
Courtroom 8-B
James A. Burne United States Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Judge Alejandro:

Please accept this letter and the attached argument in lieu of my personal appearance. I would like for my argument to be read in open Court. I contacted the Court last week, but it was closed in recognition of Veteran's Day. I had asked if it would be possible for me to appear at the hearing via Skype or some other means such as telephone.

Although Penn Mutual reported that my objection was untimely this is false as my certificates of mailing show. I selected two letters at random, and the one addressed to the Court for certification purposes as my receipts will verify. All letters of objection were mailed the same day.

I appreciate your consideration of this matter.

Respectfully,

*Risie Howard*

Risie Howard





EX 1

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### LEGAL NOTICE OF CLASS ACTION SETTLEMENT

*Failure, et al. v. The Penn Mutual Life Insurance Co.*, Case No. 2:12-cv-06172-NIQA

**If you owned or were the beneficiary under a Participating Life Insurance Policy Issued By The Penn Mutual Life Insurance Company that was in force at any time from January 1, 2006 through December 31, 2015, then your rights may be affected by a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- This Notice advises you of a proposed Settlement in a class action lawsuit that may entitle you to money and affect your legal rights.

- You may be a Settlement Class Member and entitled to money from this Settlement if you owned, or became the beneficiary of a death benefit under, a Penn Mutual participating life insurance policy that was in force at any time from January 1, 2006 through December 31, 2015.

- If the Court approves this Settlement, Penn Mutual will provide the following benefits to Settlement Class Members:

    o *For policies in force* as of December 31, 2015, Penn Mutual will declare Terminal Dividends, amounting to 1.8% of its participating policies' combined cash surrender value, payable on each policy upon the earlier of the insured's death or the policy's termination by lapse or surrender according to a formula. The Terminal Dividends will total approximately $97 million in the aggregate.

    o *For policies terminated* due to death, surrender or lapse between January 1, 2006 and December 31, 2015, Penn Mutual will declare and pay a policy dividend totaling $13 million to the owners or beneficiaries of those policies.

- If the Court approves this Settlement, Settlement Class Members will give up any right they may have to sue Penn Mutual over the allegations at issue in the lawsuit that is being settled.

- Penn Mutual will also pay the Plaintiffs' lawyers' reasonable attorneys' fees (not to exceed $10 million) and expenses (not to exceed $700,000), and pay the Class Representatives service awards, all subject to Court approval.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **WHAT YOU CAN DO:** | **WHAT WILL HAPPEN AS A RESULT:** |
| Do Nothing | You will be part of the Settlement. You will be eligible for a monetary payment if the Court approves the Settlement. You will give up any right you may have to pursue your own lawsuit on these claims. |
| Object – Submit Your Objection Filed or Postmarked By July 28, 2017 | You can write to the Court about why you do not think all or any part of the Settlement should be approved. The Court can only approve or deny the Settlement, not change the terms of the Settlement. |

1  EX2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | |
|---|---|
| DANIEL J. HARSHBARGER AND<br>EDITH M. HARSHBARGER, Individually<br>and on Behalf of all Persons Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>THE PENN MUTUAL<br>LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 2:12-cv-06172-NIQA |

## STATEMENT IN LIEU OF PERSONAL APPEARANCE FOR ORAL ARGUMENT

**The Proposed Settlement Should Not be Approved Because it is Unfair, Unreasonable and Inadequate**

### Procedural History

On or about June 20, 2017 I was notified that I was a member of a class action in the Harshbarger litigation against Penn Mutual. I had a right to object by filing my objection or sending it postmarked by July 28, 2017. I sent my objections to the Court and all listed attorneys all the same day with some via certificate of

1

mailing, for proof. I was later notified that my objection was untimely. This is false as can be proven by the attached certificates of mailing. (Exhibit 1).

Penn Mutual ("PM") first denied my mother, my siblings and me the cash value and dividends that my father, U.S. District Judge George Howard, Jr., intended for us to have as his beneficiaries.

Now, PM seeks to prevent my objection by falsifying to the United States District Court that my objection was untimely and by publishing this falsehood in their October 13, 2017 Memorandum of Points and Authorities in Support of their Motion for Final Approval of Proposed Class Settlement Agreement and Final Certification of the Settlement Class.

This should illustrate to the Court that Penn Mutual has not learned its lesson and only through payment of restitution and punitive damages will they discontinue their dishonest actions. If Penn is allowed to satisfy their obligation to my father, who paid monthly premiums for 43 years on whole life policies, which have a higher rate than similar universal or term life policies, all because of the expectation that his beneficiaries would receive not only the face amount of $5,000.00 but the cash value and dividends; by simply giving me $5,000.00, the face amount of the policy and a check for $10.76, the amount to which I would be entitled if I were a class member; Penn Mutual would have absolutely no incentive not to repeat this same scheme over the next fifty years with other insureds.

2

In the end, Penn Mutual is unjustly enriched from the benefit of premiums paid over 43 years, interest therefrom, the cash value and dividends free and clear while the beneficiary receives a check for $10.76 43 years later. This is fundamentally unfair to all policyholders. The policyholders have been defrauded and deserve restitution.

### Penn Mutual's Actions During This Litigation Demands Payment of Punitive Damages

Punitive damages are awarded to punish a defendant for certain outrageous acts and to deter it or others from engaging in similar conduct. Lesoon v. Metro. Life Ins. Co., 2006 Pa. Super. LEXIS 1445 ( Pa. Super. June 9, 2006).

In general, the assessment of punitive damages is proper whenever a party's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct resulting from either an evil motive or because of a reckless indifference to the rights of others. *Id.*

Here, PM defrauded me by failing to pay dividends or cash value as a beneficiary under my father's life insurance policy. Now, in this class action PM has openly falsified information regarding my objection to the district court by saying my objection was untimely when it was submitted by the postmark date. (Ex. 1).

PM states: "Penn Mutual expressly denies any and all wrongdoing and does not by virtue of the Settlement admit or concede any claimed, actual or potential wrongdoing and does not by virtue of the Settlement admit or concede any claimed, actual or potential wrongdoing or liability in connection with any claims which have been or could have been alleged against it in this action or before the Department." [CM/ECF Doc. 71 p. 4]. Therefore, in spite of plaintiff's filing this lawsuit, PM is continuing to act dishonestly and deceptively toward their policyholders denying any fault on their part and this should be taken into consideration by this Court. The Court should deny their settlement request, and require PM to pay punitive damages and restitution to all policyholders in the form of cash value and dividends to which each policyholder was entitled at the time the policy terminated (by surrender or by death of the insured). Indeed, the face amount of the policy, dividends and cash value was promised each insured under their contract of sale for their whole life policies. Anything less than this allows Penn Mutual to take unfair advantage of both policyholders and beneficiaries alike.

### This Class lacks Commonality

Under Fed. R.Civ. P. 23, (a) PREREQUISITES. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;

4

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Here, the Harshbargers's are living policyholders with five participating whole life insurance policies issued by Penn Mutual, I am one of five beneficiaries of five wholelife policies terminated by death, some policyholders are still active, others such as me are beneficiaries of terminated policies due to the death of the insured. The length of time each policy was held by the insured also differs among class members as does the amount of the cash value and dividends to which we were entitled. Nevertheless, we are all members of the same class. This should not be.

My situation is a unique hybrid in that although the policy has terminated, Penn Mutual still holds the full principal amount and I receive periodic interest payments. Since the full amount has never been paid to me, my circumstances have characteristics of both "In Force Settlement Policies" and "Terminated Settlement Policies." This category has not been recognized in the present settlement request.

Under the In Force category I would be entitled to 1.8% of the total cash surrender value. Under the Terminated Settlement category I would be entitled to $10.76, according to a PM customer service representative. Therefore, my category

5

of beneficiary has not been taken into account in the current settlement proposal and it should not be approved.

### Penn Mutual Compares this Case to ERISA Cases

ERISA pension funds are subject to restitution orders. Defendants state: " As in ERISA cases, here the only relief par policyholders could obtain for the proper calculation of the Safety Fund limit is relief that must be available to other policyholders on the same uniform terms." [CM/ECF Doc. 71, p 22]. However, "[p]ension funds, once distributed, [are] subject to restitution orders . . ." 29 USCS § 1056(d)(1). 18 USCS § 3663A (Relationship to Other Laws). Therefore, if ERISA funds are subject to restitution then policy holder's funds in this litigation should also be subject to restitution orders and this Court should issue an order of requiring Penn Mutual pay individual policyholders the cash value and dividends their policies earned in restitution.

### Restitution is the Answer to Unjust Enrichment

Nor are we persuaded that there are any equitable bases upon which to grant a right to reimbursement. The doctrine of unjust enrichment contemplates that "[a] person who has been unjustly enriched at the expense of another must make **restitution** to the other." Wilson Area School Dist. v. Skepton, 586 Pa. 513, 895

A.2d 1250, 1254 (Pa. 2006) (opinion announcing the judgment of the court). See also <u>Binns v. First National Bank of California, Pennsylvania</u>, [*616] 367 Pa. 359, 80 A.2d 768, 775 (Pa. 1951) (quoting Restatement (First) of **Restitution** § 1 (1937)). <u>Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.</u>, 606 Pa. 584, 615-616 (Pa. 2008).

Restitution has been ordered in civil cases and in the case of criminal charges there is no risk of double recovery. "Breach of implied contract claim against a borough's water supervisor based on unlawful timbering did not fail under 18 Pa.C.S. § 1106, even though the supervisor had been ordered to pay restitution, as any judgment would be molded to prevent a double recovery." 18 Pa.C.S. § 1106 (Civil Procedure: Remedies: Damages: Compensatory Damage).

Here, the Harshbargers' sued for breach of contract, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and unjust enrichment and money had and received. Therefore, because they sued under an unjust enrichment theory, restitution is required under Pennsylvania state law.

Additionally, restitution is required on a statutory basis under 18 USCS § 3663A, in criminal cases, under the Mandatory Victim's Restitution Act (MVRA).

I hereby, request restitution in the form of cash value and dividends that should have been included in the checks received for the policies that I was

notified about (policy numbers 5027994 and 5052423) as well as for those of my three brothers and sisters and my mother and for any Penn Mutual beneficiaries in my same category.

### Unfair, Inadequate Methods Are Being Used to Calculate Claims

I am of the opinion, that the settlement is inadequate, unreasonable and unfair because under the current terms of the settlement, if I were still a member of the class, I would be receiving $10.76 to go along with the $5000.00 face amount of the policy that my dad left to me; for a total of $5010.76 when I am entitled to the face amount of $5000.00, plus the cash value and dividends in the policy with interest which should be an amount in the thousands of dollars. This holds true for all beneficiaries of PM whole-life policies.

When my father and other policyholders purchased these whole life insurance policies the rate of insurance for whole life policies was higher than those for universal and term life insurance policies. The policyholders chose the higher rate of insurance because the premiums would not fluctuate and the policy would accumulate both cash value and dividends.

In my dad's case, he paid premiums for **43 years** in exchange for the assurance that at his death I would receive $5000.00, plus cash value and dividends. This did not happen. Therefore, the contract was breached by Penn Mutual and as a result I and other beneficiaries and policyholders have been

8

defrauded while Penn Mutual has been unjustly enriched. This is fundamentally unfair and also criminal.

Penn Mutual had individual contracts with policyholders, therefore, they should have to pay each policyholder individually the amount of compensation to which each policyholder was entitled. The calculation of premiums is based on the age of the insured and other factors in order that the insurance company will have the funds available to pay the beneficiaries in the event of the insured's death.

Any other proposal would allow the insurance company to violate a contract, then come out ahead by settling all the claims under a class action from which class members cannot **opt-out** years later and ultimately **pay-out** less than they received in the form of insurance premiums and interest that the company has earned on those premiums over a **43 year period**, in the case of my father's policies. This would be unfair.

One element of fairness is the individually tailored relief to class members. The availability of these choices exemplifies the fairness of the Proposed Settlement in providing individually tailored relief to the entire Class. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 557 (D.N.J. 1997).

   a.   A Mere $110 Million in Settlement Benefits to 500,000 Policyholders is

inadequate and unconscionable.

b. Claimants Such as Me Will Never Receive Cash Value or Dividends We Were Entitled to Under the Current Settlement Request. Under the current settlement request, policies still in force will receive an amount equal to 1.8% of the total Cash Surrender for each In Force Settlement Policy as of December 31, 2015 based on the formula set out in the Stipulation of Settlement.

Beneficiaries such as me whose policies terminated by death on or before December 31, 2017, who never received dividends or cash value from the policy will never receive what we are entitled to under the current proposed settlements.

Penn Mutual had a fiduciary duty to their insureds and they breached it, in situations such as mine where the policyholder died after paying **over forty years** of premiums, with the expectation and belief that his beneficiary would reap the rewards of his lifelong sacrifices, beginning from his initial application with his agent as a young lawyer in private practice, until his death as a sitting federal judge. His investment and the investments of those like him will never be actualized unless this Court takes action by denying this unfair, unreasonable, inadequate settlement proposal.

Respectfully,

10

*Risie Howard*

Risie Howard

/rh

## CERTIFICATE OF SERVICE

On this 13th day of November 2017, I have served counsel for the plaintiffs and defendant by means of facsimiles to Adkins, Kelson & Zavecz, P.C. and Morgan & Lewis, L.L.P. at 617-742-5858 and 215-963-5001, respectively.

By: Risie Howard *Risie Howard*
1316 West Second Avenue
Pine Bluff, AR 71601
870-534-1780 phone

11

Risie Howard

/rh

## CERTIFICATE OF SERVICE

On this 13th day of November 2017, I have served counsel for the plaintiffs and defendant by means of facsimiles to Adkins, Kelson & Zavecz, P.C. and Morgan & Lewis, L.L.P. at 617-742-5858 and 215-963-5001, respectively.

By: Risie Howard
1316 West Second Avenue
Pine Bluff, AR 71601
870-534-1780 phone

## CERTIFICATE OF SERVICE

On this 13th day of November 2017, I have served counsel for the plaintiffs by means of facsimiles to the below listed attorneys at the below listed fax numbers.

By: Risie Howard, *Risie Howard*
1316 West Second Avenue
Pine Bluff, AR 71601
870-534-1780 phone


Joseph N. Kravec, Jr.
Feinstein Doyle Payne & Kravec, LLC
Law & Finance Building, 13th Fl.
429 Fourth Avenue
Pittsburgh, PA 15219
Fax-412-281-1007

Mark A. Chavez
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Fax-415-381-5572

Andrew S. Friedman
Francis J. Balint, Jr.
Bonnett, Fairbourne, Friedman & Balint, P.C.
2325 East Camelback Road, Suite 300
Phoeniz, AZ 8501
Fax-602-274-1199