IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. HARSHBARGER and EDITH M. HARSHBARGER, individually, and on behalf of all persons similarly situated<br>*Plaintiffs*<br><br>v.<br><br>THE PENN MUTUAL LIFE INSURANCE COMPANY<br>*Defendant* | CIVIL ACTION<br><br>NO. 12-6172<br><br>CLASS ACTION |

## FINAL APPROVAL ORDER AND JUDGMENT

**AND NOW**, the 20th day of December 2017, upon consideration of Plaintiffs Daniel J. Harshbarger and Edith M. Harshbarger's ("Plaintiffs") *Motion for Final Approval of Proposed Class Settlement and for Final Certification of the Proposed Settlement Class and Appointment of Class Counsel* (the "Motion for Final Approval"), [ECF 70], the supporting memorandum of law, [ECF 71], the exhibits and declarations in support thereof, [ECF 74-77, 79], the Stipulation of Settlement ("Settlement Agreement") between Plaintiffs, individually and as representatives of the class of persons defined below ("Settlement Class"),[1] and Defendant The Penn Mutual Life Insurance Company ("Penn Mutual"), [ECF 47], and Penn Mutual's memorandum of law in support thereof, [ECF 78], it is hereby **ORDERED** that the Motion for Final Approval is **GRANTED**, as outlined in this Order and the accompanying Memorandum Opinion.

Based on the evidence presented at the fairness hearing and upon a review of the submissions of the parties, the following determinations are made:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs,

---

[1] Settlement Class is defined *supra* in ¶ 1 on p. 4.

Settlement Class members, and Penn Mutual.

2. Consistent with the parties' stipulations and this Court's Preliminary Approval Order (the "PAO"), [ECF 52], this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure ("Rule") 23(a); *to wit*: the Settlement Class, as defined in the Settlement Agreement, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the individual claims of the named Plaintiffs are typical of the claims of the Settlement Class; and Plaintiffs will fairly and adequately protect the interests of the Settlement Class. As set forth in the PAO, the questions of law and fact common to the Settlement Class include, *inter alia*, whether Penn Mutual violated 40 Pa. Stat. Ann. § 614 ("Section 614") and/or breached its contractual obligations to qualifying policyholders by withholding certain dividends from said policyholders; whether Plaintiffs have properly interpreted Section 614; and what restitution, if any, is owed to the Settlement Class members.

3. Pursuant to Rule 23(b)(1)(A), this action is maintainable as a class action because the prosecution of separate actions by individual Settlement Class members would create a risk of inconsistent or varying adjudications with respect to the interpretation of the Pennsylvania statutes at issue in this litigation and the common language contained in Penn Mutual policies, that would establish incompatible standards of conduct for Penn Mutual.

4. Pursuant to Rule 23(b)(2), this action is maintainable as a class action because Penn Mutual has acted on grounds that apply generally to members of the Settlement Class, such that final declaratory or injunctive relief is appropriate respecting the proposed Settlement Class as a whole.

5. Previously, this Court approved a form of notice for mailing to the Settlement

Class and ordered its dissemination. According to the parties' submissions, this approved form of notice was sent by first class mail to approximately 539,649 Class members by Garden City Group, LLC, the class action settlement administrator retained by Penn Mutual. As such, notice to the Class required by Rule 23(e) has been mailed and provided in accordance with the Court's Preliminary Approval Order, and in an adequate and sufficient manner, constituting appropriate notice under the circumstances, and satisfying Rule 23(e) and due process.

6. Penn Mutual has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. This Court has reviewed Penn Mutual's Proof of Compliance, [ECF 68], and the attachments in support thereof, and finds that Penn Mutual has complied fully with the applicable requirements of CAFA.

7. The Settlement Agreement was reached as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by Plaintiffs as representatives of the Settlement Class.

8. The settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate to the members of the Class in light of the complexity, expense, duration of litigation, and the risks involved in establishing liability, establishing damages, and maintaining the class action through trial and appeal.

9. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims set forth in the Settlement Agreement.

10. To date, twelve objections to the settlement have been submitted to this Court, all of which were overruled by this Court for the reasons set forth in the accompanying Memorandum Opinion.

11. The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

12. It is in the best interests of the parties and the Settlement Class members, and consistent with principles of judicial economy, that any dispute between any Settlement Class member (including any dispute as to whether any person is a Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Order should be presented exclusively to this Court for resolution.

Accordingly, it is **ORDERED** that:

1. Pursuant to Rule 23(c), the Class is hereby certified, consistent with the terms of the PAO, as follows:

> (i) all persons who own or owned a Settlement Policy;[2] and (ii) all Beneficiaries of any Settlement Policy terminated by death on or before December 31, 2015, if such Beneficiaries notify or notified Penn Mutual of a death claim, or if Penn Mutual otherwise learns of said death, prior to the Implementation Date.[3]

2. Plaintiffs Daniel J. Harshbarger and Edith M. Harshbarger meet the typicality and adequacy requirements of Rule 23(a), thus qualifying them to serve as class representatives of the Class, and their appointments are approved.

---

[2] A "Settlement Policy" is defined as a participating life insurance policy issued by Penn Mutual as one of the insurance product types described in Appendix 1 of the Settlement Agreement and that was in force at any time during the period commencing January 1, 2006, and ending December 31, 2015. (*See* Stipulation of Settlement ("SOS"), [ECF 47], at §II, ¶ 37).

[3] "Implementation Date" is defined in the Settlement Agreement as 30 days after the date on which the Order of the Department of Insurance terminating and dismissing the administrative proceedings between the parties becomes final for all purposes, including appeal. (*See* SOS §II, ¶¶ 18-19).

3. Consistent with the terms of the PAO, and after consideration of the factors set forth in Rule 23(g), the law firms of Adkins Kelston & Zavez, P.C., Bonnett Fairbourn Friedman & Balint, P.C., Chavez & Gertler LLP, and Feinstein Doyle Payne & Kravec, LLC (collectively, "Class Counsel") are hereby appointed Class Counsel.

4. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate, and in the best interests of the Class. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Court declares the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits, arbitrations, administrative proceedings, remediation proceedings, regulatory proceedings or other legal proceedings (as set forth more fully in the Release provisions of the Settlement Agreement) maintained by or on behalf of Plaintiffs and all other Settlement Class members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors and assigns, that are encompassed by the Settlement Agreement or the release provisions contained therein.

6. The terms of the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, are incorporated into and made part of this Order.[4]

7. The Court authorizes the parties, without further approval from this Court, to agree to and adopt such amendments, modifications, or expansions of the Settlement Agreement and all exhibits attached thereto which (a) are consistent with this Order, and (b) do not limit the rights of Settlement Class members or any person entitled to Settlement Relief under the Settlement Agreement.

---

[4] Unless otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

8. Without affecting the finality of this Order, this Court hereby reserves and retains jurisdiction as to all matters relating to this action and the Settlement Agreement, including modification, administration, consummation, enforcement, interpretation, and effectuation of, *inter alia*, the Settlement Agreement, this Order, the Settlement Notice, Settlement Relief, the amount and/or allocation of Class Counsel's attorneys' fees and expenses, any collateral challenge to the Settlement Agreement, and any collateral challenge to Class Counsel's or Plaintiffs' representation of the Class. Nothing in this paragraph shall restrict the ability of the parties to exercise their rights under the Settlement Agreement that are not in conflict with this Final Order and Judgment

9. The parties are hereby **ORDERED** to comply with the terms of the Settlement Agreement and this Final Order and Judgment; and

10. This action is dismissed on the merits, with prejudice, and without an award of attorneys' fees and costs other than as approved by this Court.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*