IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL J. HARSHBARGER** | : | CIVIL ACTION |
| and **EDITH M. HARSHBARGER,** | : | |
| individually and on behalf of all | : | NO. 12-6172 |
| persons similarly situated | : | |
| *Plaintiffs* | : | CLASS ACTION |
| | : | |
| v. | : | |
| | : | |
| **THE PENN MUTUAL LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 DECEMBER 19, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is an unopposed *motion for approval of Defendant's payment of attorneys' fees, reimbursed litigation expenses, and class representatives' incentive awards* (the "Fee and Costs Motion"), [ECF 72], filed by Plaintiffs Daniel J. Harshbarger and Edith M. Harshbarger ("Plaintiffs") pursuant to Federal Rule of Civil Procedure ("Rule") 23. Specifically, Class Counsel seeks approval of Section IX of the parties' Stipulation of Settlement (the "Settlement Agreement"), [ECF 47], which provides that Defendant The Penn Mutual Life Insurance Company ("Penn Mutual") will pay (a) Class Counsel's fees in an amount approved by this Court not to exceed $10 million; (b) those expenses Class Counsel incurred during the litigation of this action ("Class Counsel Expenses") in an amount approved by this Court not to exceed $700,000.00; and (c) incentive awards to Plaintiffs, in the amount of $3,750.00 each, as recognition of their service as Class Representatives ("Service Awards"). Penn Mutual has filed a memorandum in support of the motion. [ECF 78].

On November 14, 2017, this Court held a fairness hearing and heard oral argument on both the instant motion and Plaintiffs' *motion for final approval of the class settlement agreement and final certification of the settlement class* (the "Motion for Final Approval"), [ECF 70]. Counsel for both parties appeared. By separate Order, the Motion for Final Approval was granted. For the reasons stated herein, the Fee and Costs Motion is granted.

**BACKGROUND**

The factual and procedural background of this matter was recounted in detail in this Court's memorandum addressing the Motion for Final Approval, and will only be recited herein to the extent necessary for the adjudication of the current motion. The relevant factual and procedural background are summarized as follows:

> Plaintiffs own five participating ("par") whole life insurance policies issued by Penn Mutual. Plaintiffs filed this lawsuit against Penn Mutual on November 1, 2012, essentially alleging that Penn Mutual breached its obligations to its par policyholders by retaining surplus ("Divisible Surplus") in an amount exceeding the maximum retention limit permitted by 40 Pa. Stat. Ann. § 614 ("Section 614" or the "Safety Fund Law").[1] [ECF 1 at ¶ 1]. Plaintiffs assert class claims against Penn Mutual for breach of contract, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, unjust enrichment and money had and received. (*Id.*).
>
> After a protracted history of administrative proceedings and discovery, the parties reached a proposed settlement resolving all claims alleged in this action (the "Settlement Agreement"). This Court preliminarily approved the Settlement Agreement by Order dated May 12, 2017. [ECF 52]. The Order set forth, *inter alia*, notice procedures, an objection deadline, and a date for the fairness hearing. On October 13, 2017, Plaintiffs moved for the final approval of the Settlement Agreement and final certification of the settlement class, as defined therein. [ECF

---

[1] Section 614 provides, in relevant part:

> Any mutual life insurance company, incorporated under the laws of this Commonwealth and transacting business therein, may establish and maintain, or, if already established, may continue to maintain, a surplus or safety fund to an amount not in excess of ten per centum of its reserve, or one hundred thousand dollars, whichever is greater, and the excess of the market value of its securities over their book value.

40 Pa. Stat. Ann. § 614.

70]. Plaintiffs also filed the instant motion seeking approval of Section IX of the Settlement Agreement (the "Fee Agreement") which addressed the parties' agreement to the payment of attorneys' fees, expenses that Plaintiffs incurred during the pendency of this action, and incentive awards. [ECF 72].

**DISCUSSION**

The Fee Agreement provides that Penn Mutual will pay Class Counsel's fees in an amount not to exceed $10 million, reimbursed litigation expenses to Class Counsel in an amount not to exceed $700,000.00, and $3,750.00 Service Awards to each of the Plaintiffs in recognition of their service as Class Representatives. [ECF 72]. The Fee Agreement was contemplated when the parties drafted the Proposed Settlement and was disclosed by the Class Notice to Settlement Class Members. In support of the Fee and Costs Motion, Plaintiffs rely upon their own declarations, and that of Class Counsel, which summarize the time spent and the expenses incurred on behalf of the Class.[2]

Under Rule 23, when class counsel successfully settles a class action, counsel may apply for reasonable attorneys' fees and nontaxable costs. Fed. R. Civ. P. 23(h). "[A] thorough judicial review of fee applications is required in all class action settlements." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 819 (3d Cir. 1995). The awarding of fees is within the discretion of the court, so long as the court employs the proper legal standards, follows the proper procedures, and makes findings of fact that are not clearly erroneous. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir. 2001). Consistent with these principles, Plaintiffs' motion will be analyzed to determine the reasonableness of each request.

---

[2] In addition to Plaintiffs' joint declaration, [ECF 74-13], this Court has also reviewed and relied upon the declarations submitted by Class Counsel, specifically those of: (1) Jason B. Adkins, of Adkins, Kelston & Zavez, P.C. (the "Adkins Declaration"), [ECF 74], Andrew S. Friedman, of Bonnett, Fairbourn, Friedman & Balint, P.C. (the "Friedman Declaration"), [ECF 75], Mark A. Chavez, of Chavez & Gertler, LLP, [ECF 76], and Joseph N. Kravec, Jr., of Feinstein, Doyle, Payne & Kravec, LLC, [ECF 77] (collectively, the "Attorney Declarations").

*A. Attorneys' Fees*

As compensation for their legal services and efforts, Class Counsel have requested that this Court approve the portion of the Fee Agreement which provides for an award of attorneys' fees not to exceed the amount of $10,000,000.00. While attorneys' fees and costs may be awarded in a certified class action where so "authorized by law or the parties' agreement," Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is fair and reasonable, even if the parties have already agreed to an amount. *See In re Gen. Motors,* 55 F.3d at 819; *see also Smith v. First Union Mortgage Corp.*, 1999 WL 1081362, at *2 (E.D. Pa. Dec. 1, 1999) ("The court has an obligation to review the reasonableness of attorney fees in class action settlements even in the absence of any objection and whether they come from a common fund or otherwise be paid"); *In re Aetna,* 2001 WL 20928, at *13 (district courts "must thoroughly review fee petitions for fairness") (citations omitted).

Specifically, Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The United States Court of Appeals for the Third Circuit has held that such requests are "generally assessed under one of two methods: the percentage-of-recovery ("POR") approach or the lodestar scheme." *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 330 (3d Cir. 2011). The POR approach "applies a certain percentage to the settlement fund," while the lodestar method "multiplies the number of hours class counsel worked on a case by a reasonable hourly billing rate for such services." *Id.* (quoting *In re Diet Drugs*, 582 F.3d 524, 540 (3d Cir. 2009). The reasonableness of attorneys' fee awards in common fund cases, such as in this case, is generally evaluated using a POR approach followed by a lodestar cross-check.

4

*Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Sullivan v. DB Investments, Inc.,* 667 F.3d 273, 330 (3d Cir. 2011)).

In determining what constitutes a reasonable percentage fee award under the POR approach, the Third Circuit has directed district courts to consider ten factors identified in *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998) ("*Prudential*") (the "*Gunter/Prudential* factors"); *to wit*:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of settlement.

*Gunter*, 223 F.3d at 195 n.1; *see also Prudential*, 148 F.3d at 336-40; *see also Diet Drugs*, 582 F.3d at 541. Although district courts should "engage in robust assessments of the [*Gunter/Prudential* factors] when evaluating a fee request," these factors are not exhaustive, and should not be applied in a formulaic way. *In re Rite Aid*, 396 F.3d at 301-02. This Court will apply each of these ten factors to determine the reasonableness of the attorneys' fees request.

### 1. The Size of the Fund Created and the Number of Persons Benefitted

The first *Gunter* factor "consider[s] the fee request in comparison to the size of the fund created and the number of class members to be benefitted." *In re Ocean Power Techs., Inc.*, 2016 WL 6778218, at *26 (D.N.J. Nov. 15, 2016) (quoting *Rowe v. E.I. DuPont de Nemours & Co.*, 2011 WL 3837106, at *18 (D.N.J. Aug. 26, 2011)). Here, the parties negotiated a settlement

with a common fund of $110 million to provide the stipulated payments. (*See* Decl. of Jason B Adkins [ECF 74] at ¶ 18). Approximately 500,000 Penn Mutual policyholders and/or beneficiaries will benefit from the settlement. (*Id.*). Penn Mutual's agreement to pay for all notice and administration costs, which would otherwise be borne by the Settlement Class, is an additional benefit to the Settlement Class achieved by Class Counsel. If this additional benefit were to be considered, the requested percentage award would be less than nine percent of the benefits achieved. Thus, the requested attorneys' fees request, which amounts to only nine percent of the common benefit generated through Class Counsel's efforts, is reasonable. Thus, this factor weighs in favor of approval.

    2.    *The Presence or Absence of Substantial Objections by Members of the Class*

*Gunter* advises that a court should consider "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel." *Gunter,* 223 F.3d at 195 n.1. More than 500,000 Class Notices were sent to Settlement Class Members notifying them that Penn Mutual had agreed to pay attorneys' fees in an amount not to exceed $10 million, to reimburse expenses in an amount not to exceed $700,000.00, and to pay Plaintiffs incentive awards in the amount of $3,750.00 each as recognition of their service as Class Representatives. Only two Settlement Class Members objected to the Fee Agreement.[3]

---

[3] On July 5, 2017, Cecilia D. Cornish ("Ms. Cornish") filed a timely objection in which she, *inter alia*, generally challenged the proportionality and reasonableness of the proposed attorneys' fees award. Ms. Cornish has not challenged the reasonableness of Class Counsel's hourly rates, the total hours expended on this litigation, or otherwise explained why the attorneys' fees request in this case is unreasonable. This Court has closely scrutinized Class Counsel's request for attorneys' fees and concludes that it is reasonable under either a POR or Lodestar review. Under the circumstances, the objection lacks merit and is, therefore, overruled.

On August 14, 2017, this Court also received an objection from Jeff M. Brown ("Mr. Brown"), which, *inter alia*, takes issue with the reasonableness of the Fee Agreement and alleges that this Court did not comply with Rule 23(h) when it set an objection deadline that preceded the deadline by which Class Counsel was required to file any fee motion. Mr. Brown's objection was filed nearly three weeks after this Court's objection deadline of July 28, 2017. Because this objection is untimely, this Court need not,

(*See* Adkins Decl. ¶ 84).  This virtual absence of objections supports the approval of Plaintiffs' fee petition.  *See, e.g.*, *In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 455–56 (D.N.J. 2004) (citing *Gunter*, 223 F.3d at 195 n.1); *In re Gen. Motors*, 55 F.3d at 812.

### 3. The Skill and Efficiency of the Attorneys Involved

Class counsel's skill and efficiency is "measured by the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel."  *In re Viropharma Inc. Secur. Litig.*, 2016 WL 312108, at *16 (E.D. Pa. Jan. 25, 2016) (quoting *In re Computron Software, Inc.*, 6 F. Supp. 2d 313, 323 (D.N.J. 1998)).  Here, Class Counsel have substantial experience prosecuting large-scale class actions and matters involving complex insurance and accounting issues, and the Settlement Agreement is an extremely favorable resolution for the Settlement Class Members given the risks attendant with continued litigation.  Both sides litigated this case aggressively and professionally.  The submissions from Class Counsel were consistently well-researched, well written, and timely.  Therefore, this factor also weighs in favor of approval.

---

and will not, consider its merit. *See In re Centocor, Inc. Sec. Litig.*, 1993 WL 189937, at *4 n.5 (E.D. Pa. June 2, 1993) (court refused to consider untimely objections); *see also Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) ("For an objection to a settlement to be considered by the Court on the merits, it must be timely filed"). Moreover, this Court is not entirely convinced that Mr. Brown is a Settlement Class Member or has standing to object to any portion of the Settlement Agreement. Class Counsel has represented that he made several attempts to serve Mr. Brown with subpoenas requesting documents and a deposition to*, inter alia,* confirm his status as a member of the Settlement Class, to which Brown did not respond. (*See* ECF 79 at p. 6). Given that Mr. Brown has not submitted documentation to establish that he was a qualifying Penn Mutual par policyholder during the relevant period, it is questionable whether he has standing to challenge the settlement. *See In re Fine Paper Litig.,* 632 F.2d 1081, 1087 (3d Cir. 1980) (holding that a party with no identifiable links to the class did not have standing to object to a class action settlement).

*4.     The Complexity, Expense, and Likely Duration of the Litigation*

The fourth *Gunter* factor is intended to capture "the probable costs, in both time and money, of continued litigation." *In re Gen. Motors*, 55 F.3d at 812 (quoting *Bryan v. Pittsburgh Plate Glass Co.,* 494 F.2d 799, 801 (3d Cir. 1974)). As addressed in this Court's Memorandum Opinion addressing the Motion for Final Approval, Plaintiffs' complaint faced considerable legal and factual hurdles absent settlement. Continued litigation likely would have been very costly for both parties. Even if Plaintiffs would have recovered a large judgment at trial on behalf of the Settlement Class Members, their actual recovery would likely be postponed for years. There is also the possibility that Plaintiffs would recover nothing. The Settlement Agreement secures a recovery for the Settlement Class now, rather than the "speculative promise of a larger payment years from now." *In re Viropharma Inc.*, 2016 WL 312108, at *16. Thus, the fourth *Gunter/Prudential* factor weighs in favor of approval.

*5.     The Risk of Non-Payment*

Class Counsel undertook this action on a contingent basis. (Adkins Decl. ¶ 66). "Courts routinely recognize that the risk created by undertaking an action on a contingency fee basis militates in favor of approval." *In re Schering-Plough Corp. Enhance ERISA Litig.,* 2012 WL 1964451, at *7 (D.N.J. 2012); *see also In re Ocean Power Techs, Inc.,* 2016 WL 677218, at *28. Class Counsel has litigated this case for more than five years without pay, and has shouldered the risk that the litigation would yield little to no recovery. Accordingly, the fifth *Gunter/Prudential* factor weighs in favor of approving the attorneys' fees request.

*6.     The Amount of Time Devoted to the Case by Plaintiffs' Counsel*

The sixth *Gunter/Prudential* factor considers the amount of time Class Counsel devoted to the litigation. *Gunter*, 223 F.3d at 199. Class Counsel estimates that 4,697 hours of attorney

and other professional and paraprofessional time were expended on this case. (Adkins Decl. at ¶ 72). These hours are reasonable for a complex class case like this one. Thus, the sixth *Gunter/Prudential* factor weighs in favor of approving the attorneys' fees request.

### 7. The Awards in Similar Cases

As noted, the Attorneys' Fee Request is approximately nine percent of the common fund value, which is far below the range of fees awarded in comparable class cases. While there is no benchmark for the percentage of fees to be awarded in common fund cases, the Third Circuit has noted that reasonable fee awards in POR cases generally range from nineteen to forty-five percent of the common fund. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995). A nine percent fee is undeniably on the low end of typical fee awards in class actions, and even more reasonable in light of the fact that Penn Mutual has agreed to pay the attorneys' fees separate and apart from the $110 million recovery fund in this case. Accordingly, this factor weighs in favor of approval.

### 8. *Value of benefits attributable to the efforts of class counsel relative to the efforts of others*

Class Counsel were the only ones investigating the claims at issue in this case, (*see* Adkins Decl. ¶ 68), and they alone initiated this federal action and actively litigated proceedings before the Department after referral by this Court. (*Id.*). Because Class Counsel were the only ones pursuing the claims at issue in this case, this factor weighs in favor of approval.

### 9. *Percentage fee that would have been negotiated*

Class Counsel agreed to litigate this case on a contingent fee basis, and successfully negotiated a settlement. Were this case an individual action, the customary contingent fee would likely range between thirty and forty percent of the recovery. [Adkins Decl. ¶ 61]; *Wallace v. Powell*, 288 F.R.D. 347, 375 (M.D. Pa. 2012) ("In private contingency fee cases, attorneys

routinely negotiate agreements for between thirty percent and forty percent of the recovery."); *In re Ikon Ofc. Sols., Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[I]n private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery."). Here, Class Counsel's nine percent fee request from a separate fund "comports with these private standards." *In re Ocean Power Techs., Inc.*, 2016 WL 6778218, at *29. Thus, this factor supports approval.

### 10.    Innovative Terms of the Settlement

The Settlement Agreement does not contain any innovative terms. This factor is neutral as it neither weighs in favor of nor against approval.

### *Lodestar Cross-Check*

In common fund cases such as this one, the lodestar method is sometimes used to "cross-check the reasonableness of a percentage-of-recovery fee award." *Sullivan*, 667 F.3d at 330. Under the lodestar method, a court begins the process of determining the reasonable fee by calculating the "lodestar;" *i.e.*, the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983); *see also McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). Once the lodestar is determined, the court must then determine whether additional adjustments are appropriate. *McKenna*, 582 F.3d at 455.

A reasonable hourly rate in the lodestar calculation is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community," taking into account "the experience and skill of the . . . attorney and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The prevailing market

rate is usually deemed reasonable.  *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

"In calculating the second part of the lodestar determination," *i.e.*, the time reasonably expended, a district court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998).  As noted in *Hensley*, lawyers are required to use judgment when billing their clients so as not to bill clients for "excessive, redundant, or otherwise unnecessary" hours.  *Id*. at 434.  Likewise, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id*. at 434 (citations omitted).  Ultimately, district courts have "substantial discretion in determining what constitutes . . . reasonable hours." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

As revealed in the Adkins and Friedman Declarations, Class Counsel included a summary of the hours worked by the partners, associates, and professional support staff involved in this litigation.  These summaries were prepared from contemporaneous, daily time records regularly prepared and maintained by the respective firms.  Class Counsel and support staff are claiming 4,967 hours for work done at an average hourly rate of approximately $508.00.[4]  After reviewing the Attorney Declarations, it appears that Class Counsel is not requesting compensation for any time that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  These hourly rates are well within the range of what is reasonable and appropriate in this market.  That is, the hourly charged rates for the attorneys are the same as the regular current rates charged for their services in standard non-class matters, including contingent and non-contingent matters.  The attorneys have substantial experience in complex

---

[4]   The hourly rates ranged from $160 per hour to $825 per hour.

class action litigation, and their hourly rates are also within the range charged by attorneys with comparable experience levels for litigation of a similar nature. *See, e.g.*, *Barel v. Bank of Am.*, 255 F.R.D. 393, 403-04 (E.D. Pa. 2009).

Having found the hourly rates and hours expended reasonable, as of October 13, 2017, the aggregate lodestar calculation is $2,724,788.75, for the 4,697 hours of attorney and support staff work. (Adkins Declar. at ¶ 77). Class Counsel's request for $10,000,000.00 in fees represents a multiplier of approximately 3.67 of the lodestar amount. Multiples ranging from 1 to 4 are often used in common fund cases. *In re Prudential*, 148 F.3d at 341; *see also Keller v. TD Bank, N.A.*, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014) (approving multiplier of "slightly above 3" in FLSA collective action). In addition, this Court has considered that Class Counsel took the case on a contingent basis, *see Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973); there were only two objections filed by Settlement Class Members to the amounts requested, *see Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 124 (E.D. Pa. 2005); and Class Counsel has obtained a significant recovery for the Settlement Class Members.

Therefore, having considered the relevant *Gunter/Prudential* factors and performed the lodestar cross-check, this Court approves the reasonable amount of attorneys' fees requested.

### B.  Reimbursed Litigation Expenses

Class Counsel also seeks approval of the portion of the Fee Agreement which entitles them to a reimbursement of expenses not to exceed $700,000.00. Class Counsel claims that they incurred $741,233.61 in actual expenses during the pendency of this litigation. (*See* Adkins Decl. ¶¶ 78, 84). This includes costs incurred in connection with the prosecution and settlement of the litigation for items such as: expert fees, filing fees, postage, transportation, working meals,

printing, consultant fees, and Plaintiffs' share of the mediator fees. (*See id.* at ¶¶ 73, 78). Counsel in "common fund cases is entitled to reimbursement of expenses that were adequately documents and reasonable and appropriately incurred in the prosecution of the case." *In re Cendant Corp. Deriv. Action Litig.*, 232 F. Supp. 2d 327, 343 (D.N.J. 2002). After carefully reviewing the documentation supporting the reimbursement request, including, the Attorney Declarations, this Court finds that the litigation expenses listed by Class Counsel are reasonable and expected in this type of case. Therefore, Class Counsel's request to be reimbursed $700,000.00 in litigation expenses is granted.

### *Service Awards*

Class Counsel also seek this Court's approval of Service Awards to Plaintiffs Daniel J. Harshbarger and Edith M Harshbarger, in the amount of $3,750.00 each, for their willingness to undertake the risks and the burden of this litigation. "Incentive awards are not uncommon in class action litigation . . . ." *Cullen v. Whitman Med. Corp*., 197 F.R.D. 136, 145 (E.D. Pa. 2000). These payments "compensate named plaintiffs for 'the services they provided and the risks they incurred during the course of class action litigation.'" *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *22 (D.N.J. Apr. 8, 2011). Incentive awards also "'reward the public service' of contributing to the enforcement of mandatory laws." *Id*. (quoting *In re Cendant*, 232 F. Supp. 2d at 344).

This Court recognizes that there would be no benefit to the Settlement Class Members if Plaintiffs had not stepped forward and prosecuted this matter to the current resolution. In doing so, these individuals devoted time and energy to the litigation, including assisting Class Counsel with discovery and the mediation. The requested awards are well within the range of awards made in similar cases. *See Barel*, 255 F.R.D. at 402-03 (awarding $10,000.00 incentive award);

*McGee v. Cont'l Tire North Am., Inc.*, 2009 WL 539893, at *18 (D.N.J. Mar. 4, 2009) (awarding $3,500.00 incentive award). Settlement Class Members were also notified that Class Counsel would request these individual awards for Plaintiffs. No Settlement Class Members objected to the Service Awards. Accordingly, this Court approves the requested awards to Plaintiffs Daniel J. Harshbarger and to Edith M. Harshbarger, each to receive $3,750.00.

**CONCLUSION**

For the reasons stated herein, this Court concludes that the Fee Agreement is reasonable and is, therefore, approved pursuant to Rule 23(h). Plaintiffs' *motion for Defendant's payment of Attorneys' Fees, Reimbursed Litigation Expenses, and Class Representatives' Incentive Awards*, [ECF 72], is hereby granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.